977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Lee JOHNSON, Defendant-Appellant.
 No. 90-50534.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Oct. 13, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 1. The Miranda Claim
 
 2
 In New York v. Quarles, 467 U.S. 649, 655-56 (1984), the Supreme Court created a "public safety" exception to the requirement that Miranda warnings be given before a suspect's answers are admissible. The Court held that the "prophylactic" rule of Miranda must give way to the "paramount" concern for public safety when there is "an objectively reasonable need to protect the public or police from any immediate danger." Id. at 653, 659 n. 8. We have applied the Quarles "public safety" exception in a similar case. See United States v. Brady, 819 F.2d 884, 885 (9th Cir.1987), cert. denied, 484 U.S. 1068 (1988).
 
 
 3
 Johnson argues that this case is distinguishable from both Quarles and Brady because in those cases the officers were responding to a report of a crime and had accurate eyewitness descriptions. Johnson suggests that because there was no report of either a crime or weapons being used, Mann had no reason to believe that weapons were in the car or that Johnson presented an immediate, articulable threat to the public's safety. We reject the argument.
 
 
 4
 The "public safety" exception is not limited to the particular facts in Quarles. Brady, 819 F.2d at 888. In Brady, we rejected as legally insignificant the following factual distinctions between that case and Quarles:
 
 
 5
 In Quarles, an eyewitness told police that Quarles was armed. No one said Brady was armed. In Quarles, the arresting officer saw Quarles' empty holster. There was no similar indication that Brady possessed a weapon. In Quarles, the officer had reason to believe that Quarles had disposed of his gun where it posed a public danger. [The officer in Brady ] had no reason to think that Brady had placed an unguarded weapon in a public place.
 
 
 6
 Id. See United States v. DeSantis, 870 F.2d 536, 539 (9th Cir.1989) (describing as irrelevant the fact that inspectors did not have reason to believe defendant was armed and dangerous, as did the police in Quarles ).
 
 
 7
 The record satisfies us that Mann's question concerning the gun was reasonably prompted by the need to protect himself and the public from immediate danger. In a high crime area at 12:45 in the morning, Johnson was observed sitting in a running motor vehicle in front of a liquor store. He made eye contact with Mann and immediately slumped down in his seat. When Mann approached the vehicle to investigate further, he observed Johnson rolling a ski mask up over his ears and face.
 
 
 8
 The open trunk created the additional possibility of an ambush. Swift action was called for. Mann's question concerning weapons in the vehicle was directly related to a need to ensure public safety. As in Quarles, the question was "immediate, spontaneous, and urgent," Brady, 819 F.2d at 888. We reject Johnson's suggestion that it was designed to elicit testimonial evidence. The district court properly denied Johnson's motion to suppress his non-Mirandized admission that there were guns in the trunk of his car.
 
 2. Probable Cause
 
 9
 Under the "automobile exception" to the warrant requirement, police may conduct a warrantless search of every part of a legitimately stopped vehicle, including the trunk and all containers, if there is probable cause to believe it contains evidence of a crime. United States v. Ross, 456 U.S. 798, 821 (1982) (sealed package in car trunk).
 
 
 10
 Johnson concedes, as he must, that his admission--"There's no guns in here. They're in the trunk."--provided probable cause to search the trunk.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3